GRAHAM v. WILLIAMS et al.

(Supreme Court, Appellate Division, Second Department. November 16, 1906.)

MASTER AND SERVANT—INJURIES TO SERVANT—QUESTION FOR JURY.

In an action by an employé to recover for injuries received, setting aside dismissal of action and granting a new trial held proper on the evidence.

Gaynor and Miller, JJ., dissenting.

Appeal from Special Term.

Action by Annie E. Graham, as administratrix of the estate of William J. Graham, deceased, against George R. Williams, impleaded with John M. Underhill. From an order setting aside a dismissal of the complaint at the close of the case, and granting a new trial, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

Charles F. Brown, for appellants.
Robert H. Barnett, for respondent.

PER CURIAM. Affirmed.

GAYNOR, J. (dissenting). The plaintiff's decedent worked for the defendants in their paper box factory. He went up by a small freight elevator to the fourth floor to bring down some cardboard. It was after dark and there were no lights provided on that floor. He stopped the elevator and went for the cardboard. On returning he stepped into the elevator shaft and fell to the bottom of it. He supposed he was stepping into the elevator, but while he was away from it it had gone up to the top of the shaft owing to a defect in its machin-

ery.   If there had been light to see that the elevator was not there,. there could be no recovery for the negligence of the decedent in not seeing that the elevator was not there.   Fink v. Hartog & Beinhauer Candy Co., 98 N. Y. Supp. 393.   Does the darkness make a difference?   No, because it was the duty of the decedent to use all reasonable care to ascertain if the elevator was there before stepping into the shaft.   That there was no light did not excuse him from this duty. On the contrary, if he could not see, it was his duty to feel, and if he had done so he could not help having found that the elevator was gone,. any more than he could if there had been light.   The law cannot permit that it be left to the jury to say as a matter of fact whether it is negligence in such a case to step into an elevator shaft without first ascertaining that the elevator is there, any more than whether it is negligence to go upon a railroad crossing without looking and listening, or listening when it is not possible to look.

The order should be reversed.

Order affirmed, with costs.   All concur except GAYNOR and MILLER, JJ., who dissent.

---

### LEE v. STERLING SILK MFG. CO.

(Supreme Court, Appellate Division, Second Department.   November 16, 1906.)

MASTER AND SERVANT—EMPLOYMENT IN VIOLATION OF LAW—INJURY TO EMPLOYÉ—NEGLIGENCE.